IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNELIESE EMERSON, on behalf of herself
and all others similarly situated,

            Plaintiff,            OPINION & ORDER

  v.

SENTRY LIFE INSURANCE COMPANY,    18-cv-379-jdp

            Defendant.

---

PRUDENCE F. MAXON, on behalf of herself
and all others similarly situated,

            Plaintiff,            OPINION & ORDER

  v.

SENTRY LIFE INSURANCE COMPANY,    18-cv-254-jdp

            Defendant.

---

Plaintiff Anneliese Emerson filed a lawsuit against Sentry Life Insurance Company for breach of contract on behalf of herself and a proposed class of other Sentry life insurance policyholders. Her case is substantively identical to a previously filed proposed class action, *Maxon v. Sentry Life Insurance Company*, No. 18-cv-254 (W.D. Wis.), which was filed in the Middle District of Florida in August 2017 and transferred to the Western District of Wisconsin this past April. Pending before the court is Sentry's motion to stay Emerson's case pending the resolution of *Maxon*, Dkt. 15, and Emerson's cross-motion to consolidate her suit with *Maxon*. Dkt. 17.[1] For the reasons explained below, the court will grant Sentry's motion to stay and deny Emerson's cross-motion to consolidate.

---

[1] Docket citations in this opinion refer to the *Emerson* case. Citations to the *Maxon* docket

BACKGROUND

Prudence Maxon and Anneliese Emerson are both longtime holders of Sentry universal life insurance policies. Both allege that Sentry has improperly increased the cost of insurance ("COI") charges that Sentry deducts from policyholders' accounts each month by considering factors unrelated to mortality expectations. Maxon filed first, bringing class-wide claims for breach of contract, conversion, and declaratory and injunctive relief. No. 18-cv-254, Dkt. 1, ¶¶ 51–79. The parties conducted substantial discovery in the Middle District of Florida before a motion to transfer landed the case here. *Id.*, Dkt. 50.

A little more than a month after the change of venue, and nine months after the *Maxon* case was filed, Anneliese Emerson filed a suit of her own against Sentry in this district.[2] She pleaded the same class-wide breach of contract claim as Maxon, and proposed an identical briefing and trial schedule. *Compare* Dkt. 14, at 5 *with Maxon*, No. 18-cv-254, Dkt. 56.

Neither Emerson nor Sentry disputes that the two proposed class actions are substantively identical. *See* Dkt. 15, at 7; Dkt. 18, at 5–6. But they disagree about how to proceed. Sentry has moved for a stay, and asks the court not to allow the simultaneous prosecution of redundant lawsuits. Emerson has responded with a motion to consolidate under Federal Rule of Civil Procedure 42(a), arguing that consolidation will serve judicial economy and avoid undue prejudice. The court also received briefing from Maxon, who opposes

---

include the case number, No. 18-cv-254.

[2] Sentry alleges, and Emerson does not appear to dispute, that two days after the *Maxon* action was transferred to this district, plaintiff's counsel posted a notice on its website seeking plaintiffs for possible litigation against Sentry related to COI charges. Dkt. 15, at 3. Sentry further alleges that, before it moved for a stay and prior to Emerson's decision to seek consolidation, Emerson's counsel proposed to jump in front of the *Maxon* schedule and try this case in a little over one year. *Id.* at 5 n.3.

2

consolidation and joins Sentry in advocating that *Emerson* be stayed while her first-filed case is litigated. *Maxon*, No. 18-cv-254, Dkt. 59.

ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its discretion, courts must "balance interests favoring a stay against interests frustrated by the action" in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Courts often consider such factors as:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Id.* (internal citations omitted). The burden of showing that the circumstances justify a stay falls on the moving party. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Consolidation is another case management tool. Under Rule 42(a), a district court may consolidate cases which involve a common question of law or fact. Consolidation "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). In applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

3

In this case, all of the relevant factors counsel in favor of granting a stay and denying the motion to consolidate. First, *Emerson* is at an early stage of litigation, whereas *Maxon* is considerably further along. Over the past year, the parties in *Maxon* negotiated a confidentiality agreement and ESI protocol, conducted document discovery and a 30(b)(6) deposition, and retained experts in anticipation of briefing class certification, which is now mere weeks away. *See* Dkt. 21, at 6 n.6; *Maxon*, No. 18-cv-254, Dkt. 59, at 4. By contrast, Emerson has only just commenced discovery, having just served its first two sets of document requests and noticed one 30(b)(6) deposition. Dkt. 15, at 5.

Second, Emerson is unlikely to suffer prejudice as a result of a stay. Emerson argues that a stay would "indefinitely freeze" her claim while the *Maxon* case is litigated, "with the real possibility that *Maxon* could be defeated on class certification, that class certification could be appealed, that Maxon could lose individually at summary judgment or trial." Dkt. 18, at 9–10. Emerson contends that, as a result, she and the class will continue paying the higher cost of insurance, "possibly for years longer than they would if the judge were to allow both cases to proceed." *Id.* at 10. But it is unclear why this is so. Emerson is a member of the proposed *Maxon* class, and her rights and grievances as to Sentry will be protected and adjudicated just like any other class member's, so long as she does not opt out of the class.[3] *See Guill v. Alliance Resource Partners, L.P.*, No. 16-cv-424, 2017 WL 1132613, at *3 (S.D. Ill. Mar. 27, 2017) (finding no undue prejudice to plaintiff and staying his later-filed class action where plaintiff was member of the putative class in first-filed class action seeking identical relief). And given that Emerson

---

[3] This distinguishes Emerson from the plaintiffs in each of the cases she cites, Dkt. 18, at 10, none of which involved earlier-filed class actions in which the plaintiff's rights stood to be protected. In fact, none of the cases Emerson cites—either in opposition to a stay or in support of consolidation—feature scenarios that resemble the facts in this case.

sought to adopt the *Maxon* schedule and now seeks to consolidate her case with *Maxon*, her argument that allowing *Maxon* to proceed will somehow prolong the period of impermissible fee paying makes little sense. Emerson fails to provide a plausible account of what she stands to lose by proceeding as a member of the *Maxon* class, other than representation by the counsel of her choice.

As to the third and fourth factors, granting a stay seems likely to simplify the issues, whereas consolidating the actions seems likely to further complicate matters and increase the burdens of litigation. Emerson's claims stand to be resolved in the *Maxon* action, at little cost to Emerson. If Maxon prevails, Emerson can obtain relief as part of any class-wide judgment or settlement. She may also opt out of the class or object to any settlement if she so chooses. *See* Fed. R. Civ. P. 23(c)(2)(B)(v); (e)(5). If Maxon loses on the merits after class certification, that judgment will preclude Emerson's suit. *See Patzer v. Board of Regents of Univ. of Wisconsin Sys.*, 763 F.2d 851, 855 (7th Cir. 1985). Finally, although Emerson does not explain why she believes that she is better-positioned to meet the Rule 23(a) requirements than Maxon, if, as Emerson supposes, Maxon loses on class certification for failing to meet the Rule 23(a) adequacy and typicality requirements, Dkt. 18, at 11, Emerson can move to lift the stay so that she can proceed with her suit.

Emerson points to this latter hypothetical as sufficient reason to consolidate the cases rather than impose a stay, arguing that consolidation would provide an additional class representative and "create a unified front that would fortify the prosecution of Sentry and increase the likelihood of class certification." *Id.* at 8. This argument is speculative. Adding more class representatives might increase the chances that at least one representative will satisfy the Rule 23 requirements, but Emerson has not identified a reason why Maxon is inadequate.

Regardless, any benefit of consolidation is outweighed by the burdens that would follow from adding another set of class counsel in a consolidated action. Counsel for Maxon and Sentry have made clear their preference that they not be made to coordinate with another set of attorneys. Dkt. 21, at 5; *Maxon*, No. 18-cv-254, Dkt. 59, at 4. Indeed, consolidating the cases would lead to the multiplication of briefing and proceedings. *See id.* at 4–5 (indicating that a motion for appointment of interim class counsel under Fed. R. Civ. P. 23(g)—and jockeying over lead counsel status—is sure to follow any grant of consolidation); Dkt. 18, at 7 (same).

These considerations militate in favor of a stay and against consolidation. The court has "broad managerial discretion to prevent unnecessary duplication of effort in related cases through consolidation or other means." *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1068 (W.D. Wis. 2008) (quoting *E.E.O.C. v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)). Here, a stay provides the "other means" to prevent the inevitable duplication that Emerson's suit would create.

ORDER

IT IS ORDERED that defendant Sentry's motion to stay, Dkt. 15, is GRANTED, and plaintiff Anneliese Emerson's cross-motion to consolidate, Dkt. 17, is DENIED. Case No. 18-cv-379-jdp is STAYED pending resolution of No. 18-cv-254-jdp. If the court denies class certification in No. 18-cv-254-jdp, Emerson may move to lift the stay at that time.

Entered September 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge