# EXHIBIT C

OFFICE OF THE COMMISSIONER OF INSURANCE (OCI) STATE OF WISCONSIN

In the Matter of

PHL VARIABLE INSURANCE CO.,            Case No. 13-C35362

    Respondent.

## SETTLEMENT AGREEMENT AND RELEASE

The above-named Respondent, PHL Variable Insurance Co. (PHL), by its attorneys, and the Wisconsin Office of the Commissioner of Insurance (OCI), by its attorneys (together, the "Parties") hereby stipulate and agree as follows:

1.     On April 30, 2013, OCI served on PHL a Notice of Hearing, alleging violations of Wisconsin law arising from a cost of insurance rate adjustment that PHL implemented in 2010 (the "2010 COI Rate Adjustment"). The 2010 COI Rate Adjustment affected seven Wisconsin-issued Phoenix Accumulator Universal Life[1] ("05PAUL") policies for which U.S. Bank, as securities intermediary for Lima Acquisition LP,[2] was the record policy owner (the "Policies")[3]. A contested case hearing was held before an administrative law judge (ALJ). By letter dated June 7, 2013, the Commissioner of Insurance (the "Commissioner") ordered and directed that the ALJ's decision would be the final decision of the agency.

---

[1] PHL was a subsidiary of Phoenix Life Insurance Company.
[2] Lima Acquisition LP is an affiliate of Fortress Investment Group.
[3] The Policies were also subject to two coordinated actions captioned *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Case Nos. 12-6811 & 13-1580 (S.D.N.Y.) (the "Phoenix Litigation").

2.  The Parties filed cross motions for summary judgment. On October 16, 2014, the ALJ issued a decision granting in part and denying in part both Parties' motions for summary judgment. (Case No. 13-C35362, Decision on Motions for Summary Judgment 21.)

3.  On January 13, 2015, pursuant to its Decision on Motions for Summary Judgment, the ALJ entered a Preliminary Order. (Case No. 13-C35362, Preliminary Order 2) (the "Preliminary Order").

4.  On March 23, 2015, the ALJ entered a Final Order that determined the amount of restitution PHL was required to pay the policyholders. (Case No. 13-C35362, Final Order 1) (the "Final Order"). The ALJ also ordered PHL to pay a forfeiture in the sum of $40,000.00 to the State of Wisconsin, pursuant to Wis. Stat. § 601.64(3). (*Id.* at 2–4.)

5.  On April 1, 2015, PHL filed a Petition for Judicial Review of the Preliminary Order and Final Order. *PHL Variable Insurance Co. v. Commissioner of Insurance*, Case No. 15-CV-855 (Dane Cty.) (the "Judicial Review Action").

6.  On April 16, 2015, the Parties entered into a Stipulation staying the Enforcement of the Preliminary and Final Orders during the pendency of the Judicial Review Action. During the pendency of the Judicial Review Action, PHL made escrow payments to the Clerk of Court Dane County in the amounts of $28,048.40, $28,559.38 and $22,471.06 (the "Escrow Payments").

7.  On July 2, 2015, PHL filed a Summons and Complaint against OCI and Theodore Nickel, alleging that OCI and Nickel violated the Wisconsin Public

2

Records Law, Wis. Stat. § 19.31. *PHL Variable Insurance Co. v. Office of the Commissioner of Insurance for the State of Wisconsin, et al.*, Case No. 15-CV-1711 (Dane Cty.) (the "Public Records Action").

8. By circuit court order dated September 15, 2015, the Judicial Review Action was stayed pending resolution of the Public Records Action.

9. The Phoenix Litigation involving the Policies has been settled, and U.S. Bank and PHL have resolved their disputes regarding the Policies.

10. In light of the forgoing, the Parties wish to resolve all complaints, claims, charges, grievances and appeals, demands and liabilities arising specifically under the Preliminary Order, the Final Order, the Judicial Review Action, and the Public Records Action.

11. The Parties enter into this binding Settlement Agreement to resolve all pending disputes from the beginning of time to and including the effective date of this Settlement Agreement, and solely to avoid expense and further litigation in court.

12. The Parties agree that within five business days of the Effective Date of this Settlement Agreement (as defined below), the Parties will file stipulations in circuit court agreeing to dismiss the Judicial Review Action and the Public Records Action without prejudice, without fees, and without costs. Each Party shall be responsible for its own attorneys' fees, actual costs of court and all other costs incurred in connection with the underlying disputes and this Settlement Agreement.

3

13. The Parties further agree that upon dismissal of the Judicial Review Action and the Public Records Action, the Commissioner will, as expeditiously as possible, but in no event later than thirty (30) days from the entry of the dismissals, enter a final order setting aside and vacating the Final Order as well as the Preliminary Order (together, the "Orders"). Upon entry of the final order setting aside and vacating the Orders, the Orders shall have no force and effect and Phoenix shall have no obligations or liabilities under the Orders whatsoever, including, without limitation, any obligation to pay the forfeiture. If there is a public records request for the Orders following the Effective Date of this Settlement Agreement, OCI shall provide the Orders in addition to this Settlement Agreement and the final order setting aside and vacating the Orders.

14. OCI shall take all necessary action within its authority to ensure that the Escrow Payments are promptly refunded to PHL, including, without limitation, within ten (10) days of the Effective Date of this Settlement Agreement, making all filings necessary to direct the Clerk of Court Dane County to refund the Escrow Payments to PHL.

15. The Parties acknowledge and agree that this agreement is a public record under the Wisconsin Public Records Law, Wis. Stat. §§ 19.31–19.39, and will be disclosed pursuant to any proper public records requests made.

16. This Settlement Agreement is the resolution of all disputed claims and obligations under the Orders, the Judicial Review Action, and the Public Records Action, is confined to the specific facts giving rise to the Orders, the Judicial Review

Action, and the Public Records Action, and does not constitute an admission of liability by the Parties or their agents, liability being expressly denied. Except as provided under the terms of this Settlement Agreement, this Settlement Agreement does not preclude OCI from pursuing future enforcement actions against PHL, including but not limited to an action regarding a future cost of insurance rate adjustment associated with the 05PAUL policy.

17. The Parties have read this document and by signing, represent that they understand its terms and conditions, that they enter into it freely and knowingly, and that they have consulted with their legal counsel and had an opportunity to review this Settlement Agreement prior to its execution. By the signatures below, PHL and OCI enter into this agreement with full knowledge of the benefits conferred thereby and the claims released. Each of the Parties represents that it has the authority to execute this document to be fully binding on behalf of the entity indicated.

18. In signing this Settlement Agreement, no Party has relied on or been induced to execute this Settlement Agreement by any statements, representations, offers, agreements or promises, oral or written, made by any other Party, their agents, employees, servants or attorneys, or anyone else, other than the statements expressly written herein.

19. This agreement may be executed in counterparts, with each counterpart being deemed an original and all counterparts so executed shall constitute one binding agreement on the Parties notwithstanding that all of the

Parties are not a signature to the same counterpart. Executed electronic copies shall be treated identically as original copies. The Effective Date of this agreement is the date on which the last signature is obtained.

20. This Settlement Agreement contains all agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein. This is an Integrated Agreement.

21. This Settlement Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by each of the parties affected thereby. No failure to exercise and no delay in exercising any right, remedy, or power under this Settlement Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy or power under this agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy or power provided herein or by law or in equity.

22. If for any reason any provision of this Settlement Agreement, or subportion of any provision, is determined to be invalid or unenforceable, the remaining provisions of this Settlement Agreement, or subportion thereof,

nevertheless shall be construed, performed and enforced as if the invalidated or unenforceable provision had not been included in the Settlement Agreement's text.

23. In the event that any dispute, claim, or controversy arises with respect to or under this Settlement Agreement, including the breach, performance, or enforcement thereof, such dispute shall be resolved by the filing of a lawsuit in the Circuit Court of Dane County, Wisconsin.

[END OF AGREEMENT; SIGNATURES TO FOLLOW]

_____     Date: 6/20/17
MICHAEL CROOKS, #01008918
Peterson, Johnson & Murray, S.C.

Attorney for PHL Variable Insurance Company


_____     Date: 6/19/2017
JENNIFER L. VANDERMEUSE, #1070979
SHANNON A. CONLIN, #1089101
STEVEN C. KILPATRICK, #1025452
RICHARD B. WICKA, #1041858

Attorneys for the Wisconsin Office of the
Commissioner of Insurance

7